AGATHA M. ENNIS *vs.* R. B. LITTLE & COMPANY.

PROVIDENCE—OCTOBER 14, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

Opinion in *Ennis* v. *Little*, 25 R. I. 342, affirmed.

PER CURIAM. The elaborate calculations of the plaintiff do not controvert the fact that in moving the platform the eye-bolt in question was subjected to a much greater stress at the moment of starting than it could have been at any subsequent moment until it met with some obstacle. The bolt in character and adjustment was competent to stand the initial stress and did so. The only obstacle suggested as the possible cause of excessive stress was the chock or spud. The only rational explanation of the breaking of the bolt was the running the platform against the chock and continuing the application of force after the progress of the platform was thus prevented. It was not the duty of the defendants to provide a bolt competent in quality and adjustment to sustain a stress such as was exerted by the continued application of the power after the progress of the platform had been arrested.

It was the duty of the plaintiff's intestate to notify the engineer to stop before the obstacle was reached, and if he did not do so the accident was caused by his fault. If he gave the

signal and the engineer did not obey it, the accident was caused by the engineer's fault.

These facts are uncontroverted, and the law is well settled. The plaintiff's claim and the verdict of the jury are based on the assumption of an effect without a cause, viz.: The rupture of the bolt under a lesser load than it had safely carried the moment before.

No new evidence can change this controlling feature of the case, and hence it would be useless to direct a new trial.

There were other issues of fact upon which the evidence was conflicting, and a large part of the former opinion was directed to a discussion of them. Upon these issues we found the weight of the evidence to be against the verdict; and if our conclusion had been based upon these issues alone it would have followed that the defendant was entitled only to a new trial, for a new presentation of evidence might have resulted in furnishing different data to argue from, such as the plaintiff suggests in his present petition. But the fact remains that it took the power developed by turning the controller to the fourth notch to start the platform and that the power corresponding to three notches was sufficient to keep it in motion.

Whatever positive values the power thus employed should be estimated at, it is still true that the bolt was subjected to its greatest strain at the moment of starting and that the initial strain could only have been increased by the interposition of some obstacle. Nothing suggested by the petition tends to show error in the conclusion we draw from these facts.

The petition for a re-argument is denied.

The question of the constitutionality of the order directing a judgment for the defendant is reserved for hearing before the full court.

*John W. Hogan, Philip S. Knauer, and Stephen J. Casey,* for plaintiff.

*David S. Baker and Lewis A. Waterman,* for defendant.